# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBRA FEDERICO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16531** |
| **MARY NICHOLS, ET AL.** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss for Lack of Jurisdiction. R. Doc. 21. Plaintiff opposes the Motion. R. Doc. 24. Having reviewed the parties' arguments and applicable law, the Court now issues this Order and Reasons.

## I.  BACKGROUND

This case arises from an automobile accident that occurred on November 28, 2015, on Gulf State Parkway in Gulf Shores, Alabama. R. Doc. 1-7 at 2. Plaintiff Debra A. Federico ("Federico"), a domicile of Jefferson Parish, alleges she was traveling northbound on Gulf State Parkway in Gulf Shores, Alabama when she slowed to a stop due to traffic and was rear ended by a vehicle operated by Mary Dorgan Nichols ("Nichols"). R. Doc. 1-7 at 2. State Farm Mutual Automobile Insurance Company ("State Farm") is the liability insurance carrier for both Plaintiff and Defendant. R. Doc. 1-7 at 2. Defendants removed this case from the 24th Judicial District Court in Jefferson Parish on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. R. Doc. 1 at 2.

Plaintiff alleges that the sole and proximate cause of the accident was Defendant's negligence in failing to observe Plaintiff's vehicle, in failing to maintain proper control of her vehicle, yield or stop for traffic, and following too closely. R. Doc. 1-7 at 3. Plaintiff claims that

as a result of the accident she suffered severe and disabling injuries to her lower back, neck, left shoulder, right shoulder, and both wrists. R. Doc. 1-7 at 3. Plaintiff seeks to hold Defendants jointly, severely and in solido liable for damages for past, present and future physical pain and suffering, mental anguish, medical expenses, loss of earnings and earning capacity, property damage, and loss of enjoyment of life. R. Doc. 1-7 at 3. Plaintiff also seeks underinsured motorist benefits from her uninsured/underinsured motorist carrier, State Farm. R. Doc. 1-7 at 3.

Defendants timely answered and allege Plaintiff's claims are barred by prescription and the applicable statutes of limitation. R. Doc. 3 at 1-2. Defendants also raise the affirmative defenses of failure to mitigate and comparative negligence and allege Plaintiff failed to obey Alabama traffic laws, avoid the accident, or act with reasonable care. R. Doc. 3 at 3. Defendants also aver that the laws of Alabama govern this litigation. R. Doc. 3 at 4.

On April 27, 2017, Plaintiff filed an amended complaint alleging that Defendants Mary Nichols and State Farm are liable for punitive damages. R. Doc. 18.

## II.   PRESENT MOTION

### A.   Defendant State Farm's Motion to Dismiss (R. Doc. 21)

Defendant State Farm, has filed this motion seeking to dismiss Plaintiff's bad faith claim against State Farm in its capacity as Plaintiffs uninsured motorist ("UM") insurer. R. Doc. 21-1 at 2. State Farm explains that Alabama law applies to this diversity case, and under Alabama law there are two different bad faith claims against insurance companies—normal and abnormal. R. Doc. 21-1 at 2. In a normal bad faith claim, a plaintiff must prove there was an insurance contract between the parties, the defendant breached the contract and refused to pay the insured claim while they had actual knowledge there was no "reasonably legitimate or arguable reason for that refusal." R. Doc. 21-1 at 3 (citing *Ex parte Simmons*, 791 So. 2d 371, 378 (Ala. 2000)). In an abnormal bad faith claim, the plaintiff must prove that the insurer intentionally failed to

determine whether there was a legitimate reason to pay the claim, rather than proving the actual knowledge standard. R. Doc. 21-1 at 3 (citing *Ex parte Simmons*, 791 So. 2d at 378.).

According to Defendant, Plaintiff's bad faith claim should be dismissed because she does not clearly allege this claim in her Complaint, and even if she had, this claim is not ripe for consideration before this Court. R. Doc. 21-2 at 3. In the Complaint, Plaintiff states that if State Farm violates its duties as the UM insurer, then she seeks to recover bad faith damages, including penalties and attorney fees. R. Doc. 21-2 at 3. Defendant argues that Plaintiff has failed to state any facts which would support recovery on these grounds, as she has not alleged that State Farm's obligations under the UM policy have been triggered, or that it violated those obligations. R. Doc. 21-1 at 3. Further, Defendant contends that under Alabama law, a bad faith claim against a UM insurer is not ripe as long as damages are still in dispute. R. Doc. 21-1 at 5 (citing *Ex parte Safeway Ins. Co. of Alabama, Inc.*, 990 So. 2d 344, 351 (Ala. 2008) (holding that plaintiff's bad faith claims were premature while damages and liability had not yet been determined)). Thus, Defendant avers Plaintiff's bad faith claim should be dismissed.

### B. Plaintiff's Response (R. Doc. 24)

Plaintiff opposes the Motion, and argues that State Farm has failed to satisfy its obligations as her UM insurer. R. Doc. 24 at 1. According to Plaintiff, on May 12, 2017, her doctor testified that she will need two surgeries as a result of the accident and the cost of these surgeries will trigger the UM policy. R. Doc. 24 at 2. Plaintiff avers that State Farm is aware of this information, yet has failed to tender the UM policy limit. R. Doc. 24 at 2. Plaintiff contends that because the damages "clearly" trigger the UM coverage, State Farm is acting in bad faither for failing to tender the policy limits. R. Doc. 24 at 2.

## III. LAW AND ANALYSIS

### A. Motion to Dismiss Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction. A court must dismiss a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate when subject matter jurisdiction is lacking. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof. *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

A court reviewing subject matter jurisdiction pursuant to Rule 12(b)(1) may base its opinion on the face of the complaint, "the complaint supplemented by undisputed facts evidenced in the record," or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citations omitted). A district court evaluating subject matter jurisdiction "must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *Williamson*, 645 F.2d at 413).

### B. Ripeness

To exercise jurisdiction under Article III of the U.S. Constitution, a case must be ripe. *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). A claim is not ripe when it rests upon " 'contingent future events that may not occur as anticipated, or indeed may not occur at all.' " *Thomas v. Union Carbide,* 473 U.S. 568, 581 (1985) (quoting 13A Charles Alan

4

Wright, Arthur R. Miller & Edward H. Copper, Federal Practice and Procedure § 3532 (1984)). When evaluating ripeness, a court should examine whether the tendered issue involves "uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." *Federal Election Com. v. Lance*, 635 F.2d 1132, 1138 (5th Cir. 1981) (internal citations omitted).

### C. Discussion

The Court finds that Plaintiff's purported claim for bad faith damages against State Farm as her UM insurer is premature. Plaintiff has not yet proven damages in this case. While there is some deposition testimony that indicates Plaintiff may be entitled to recover from her UM carrier, this is not yet a settled fact. Further, there are outstanding questions regarding liability and causation. Alabama law is clear that "[t]here can be no breach of an insurance contract providing uninsured-motorist coverage until the insureds prove that they are legally entitled to recover." *Ex parte State Farm Mut. Auto. Ins. Co.,* 893 So. 2d 1111, 1115 (Ala. 2004). Plaintiff has not yet proven she is entitled to recover. Furthermore, once liability and damages are determined, Plaintiff only has a claim for bad faith damages *if* State Farm refuses to pay benefits. Such as claim is not ripe at this stage in the litigation, as it depends on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas,* 473 U.S. at 581. Because there are still unresolved questions of liability and damages, and Plaintiff's bad faith claim depends on uncertain future events, it is not yet ripe for adjudication, and therefore outside the jurisdiction of this court.

However, a dismissal for lack of subject-matter jurisdiction is treated as a dismissal without prejudice to the plaintiff's right to reinstitute the action. *See Ex parte Capstone Dev. Corp.,* 779 So. 2d 1216 (Ala. 2000). Thus, Plaintiff's bad faith claim is dismissed without prejudice.

5

**IV.     CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendant State Farm's Motion to Dismiss for Lack of Jurisdiction, R. Doc. 21, is hereby **GRANTED.** Plaintiff's bad faith claims against State Farm in its capacity as her UM insurer are hereby **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana this 13th day of June, 2017.

                                                UNITED STATES DISTRICT JUDGE